# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

MAYLING MARTINEZ,

    Petitioner,

vs.                                                    Civil No. 06-217 MCA/RHS

WILLIAM SNODGRASS, Warden, et al.,

    Respondents.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

    1. THIS MATTER comes before the Court on Petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody ("Petition"), filed March 21, 2006 **[Doc. 1]**, Petitioner's Motion for Stay Pending Exhaustion of State Court Remedy ("Motion for Stay"), filed March 21, 2006 **[Doc. 2]**, and Respondents' Motion to Dismiss Petition with Prejudice ("Motion to Dismiss"), filed May 10, 2006 **[Doc. 10]**. Petitioner is confined pursuant to the Order Revoking Probation, Imposition of Judgement, Sentence and Commitment and Transport Order ("Order Revoking Probation") of the First Judicial District Court of New Mexico. (Ex. AA attached to Answer, filed May 10, 2006 **[Doc. 12]**[1]). Petitioner was sentenced "to be incarcerated for the term of 3 years plus an imposed sentence of 8 years habitual offender enhancement, for a total of 11 years." (Id.) Petitioner received "pre-sentence confinement credit of 3 years, 8 months and 9 days." (Id.)

    2. Petitioner, proceeding *pro se*, alleges the following grounds for relief in her federal

---

[1]All exhibits referenced in these proposed findings and recommended disposition are attached to Respondents' Answer.

petition:

    I.    The state trial court erred in sentencing Petitioner under the Habitual Offender Act on March 15, 2004, when the Act was repealed on July 1, 2002;

    II.    The sentence imposed is illegal because the state trial court failed to properly calculate Petitioner's presentence confinement when calculating remaining probation time, thus, Petitioner was sentenced after her underlying sentence expired;

    III.    The state court of appeals erred in denying Petitioner's motion to amend the docketing statement regarding the calculation of presentence confinement credit; and

    IV.    Petitioner received ineffective assistance of counsel.[2]

3. Respondents concede that grounds I through III are exhausted, but assert that Petitioner has not exhausted ground IV because this issue "was raised for the first time in Santa Fe County District Court in the state habeas corpus petition filed February 27, 2006, that is still pending (Answer, Exhibit MM)." (Respondents' Memorandum in Support of Motion to Dismiss at 5 **[Doc. 11]**). Petitioner does not disagree that ground IV is unexhausted.

4. Petitioners generally must exhaust available state court remedies before seeking redress in a federal habeas corpus petition. See 28 U.S.C. § 2254(b)(1); see also Demarest v. Price, 130

---

[2] Petitioner claims that counsel was ineffective because "he did not exercise due diligence in obtaining relevant documents" after Petitioner informed him that her presentence credit had been improperly calculated. (Memorandum in Support of Petition for Writ of Habeas Corpus at 3, attached to Petition for Writ of Habeas Corpus, Ex. MM). It is not clear whether Petitioner alleges ineffective assistance of trial counsel, appellate counsel or both.

F.3d 922, 932 (10th Cir. 1997); Picard v. Connor, 404 U.S. 270, 275 (1971).  The exhaustion doctrine is rooted in considerations of federal-state comity and seeks to allow states the opportunity to correct constitutional errors prior to federal intervention.  Picard, 404 U.S. at 275-76.  The exhaustion requirement is met when the state's highest court has had an opportunity to reach the merits of petitioner's habeas claims.  O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999) (finding that a prisoner does not properly present his claims to a state court if he "fails to present his claims in a petition for discretionary review to a state court of last resort") (cited in Tisthammer v. Williams, 49 Fed.Appx. 757, 764 (10th Cir. Sep. 6, 2002) (not selected for publication in the Federal Reporter)).

     5.  The Court finds that ground IV is unexhausted, because it is currently pending in state district court.[3]  "[S]tate claims remain unexhausted if state proceedings remain pending at the time the [federal] petition is filed."  Sims v. Snedeker, 167 Fed.Appx. 47, 48 (10th Cir. Feb. 13, 2006) (not selected for publication in the Federal Reporter) (citing Robertson v. Utah, 119 Fed.Appx. 212 (10th Cir.2004) (unpublished)).

     6.  Consequently, Petitioner's federal petition is "mixed" because it contains both exhausted and unexhausted claims.  A petition containing an unexhausted claim is subject to dismissal.  Rose v. Lundy, 455 U.S. 509, 520-21 (1982).  "The Tenth Circuit has held specifically that a district court must dismiss an entire mixed petition rather than dismissing only the

---

[3]In addition, because ground IV is pending in state court, this Court need not determine whether it would be procedurally barred under state law, and thus procedurally defaulted for purposes of federal habeas review.  See Dulin v. Cook, 957 F.2d 758, 759 (10th Cir. 1992) (citing Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991)) (noting "that if the court to which Petitioner must present his claims in order to meet the exhaustion requirement would now find those claims procedurally barred, there is a procedural default for the purposes of federal habeas review").

unexhausted claims." Aragon v. Shanks,185 F.3d 873, 1999 WL 448815, at **2 (10th Cir. Jul. 2, 1999) (unpublished table decision) (citing Harris v. Champion, 48 F.3d 1127, 1131, 1133 (10th Cir.1995) (disapproving dismissal of unexhausted claims only and clarifying that "a court cannot adjudicate the exhausted claims in a mixed petition unless the petitioner amends the petition to delete the unexhausted claim")). Accordingly, Petitioner's federal petition should be dismissed without prejudice because it contains one or more unexhausted grounds.

7. However, Petitioner requests a stay of proceedings on her federal petition pending exhaustion of ground IV in state court. (Motion for Stay). As grounds for a stay, Petitioner claims that her federal petition is timely filed, her state court petition "was filed on February 27, 2006 and has not been decided [and] [e]xhaustion of state court remedies is required." (Id.) Respondents indicate that they do not oppose Petitioner's Motion for Stay. (Respondent's Response to Order re: Petitioner's Motion for Stay, filed Sep. 22, 2006 **[Doc. 15]**).

8. On March 1, 2005, the New Mexico Supreme Court ("NMSC") quashed its writ of certiorari regarding Petitioner's appeal from the New Mexico Court of Appeals' decision affirming Petitioner's sentence. (Order, Ex. JJ). Calculating from this date, the one-year limitations period for Petitioner's federal petition began to run on or about May 30, 2005, when the time expired for her to file a petition for writ of certiorari with the Supreme Court of the United States.[4] Accordingly, the limitations period for filing a federal petition expired on

---

[4]Pursuant to 28 U.S.C. § 2244(d)(1)(A), a federal habeas petition must be filed within one year of the date that a prisoner's state court conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." See also Hoggro v. Boone, 150 F.3d 1223, 1225 (10th Cir. 1998). A state conviction is not final until after the United States Supreme Court has denied review or the time has passed for filing a petition for certiorari with the Supreme Court. See Locke v. Saffle, 237 F.3d 1269, 1272-73 (10th Cir. 2001).

approximately May 30, 2006, absent any statutory or equitable tolling.

9.  Petitioner filed her petition for writ of habeas corpus in state district court on February 27, 2006, approximately 90 days before the expiration of the limitations period for filing a federal petition.  Under § 2244(d)(2), Petitioner's post-conviction filing in state court statutorily tolled the limitations period for filing a federal petition.[5]  Thus, when Petitioner's request for state post-conviction relief is exhausted, she will have approximately 90 days within which to file a timely federal habeas petition.

10.  Under these circumstances, the Court finds that Petitioner has not met her burden of showing good cause for entering a stay.  Where Petitioner "has an adequate amount of time following the resolution of h[er] post-conviction appeal to file h[er] federal habeas petition[,]" the Court finds that "it would not be a wise exercise of this Court's discretion to impose a stay ... to allow Petitioner to exhaust h[er] unexhausted federal claims."  Ledford v. Ward, 2005 WL 1606443, at *4 (W.D.Okla. Jun. 14, 2005) (slip copy) (finding a stay inappropriate where petitioner would have 110 days remaining in which to file a federal petition after exhaustion of state remedy).  In this case, Petitioner will have an adequate amount of time following the exhaustion of her state remedy in which to file a federal petition.  Accordingly, the Court recommends that Petitioner's Motion for Stay be denied.

### Recommendation

I recommend that Petitioner's Motion for Stay Pending Exhaustion of State Court Remedy **[Doc. 2]** be DENIED, that Respondents' Motion to Dismiss Petition with[out] Prejudice

---

[5]The time during which a petitioner has a "properly filed application for State post-conviction or other collateral review" pending is not counted toward the limitation period.  § 2244(d)(2); Hoggro, 150 F.3d at 1226.

**[Doc. 10]** be GRANTED, that Petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody **[Doc. 1]** be DENIED and that this civil proceeding be DISMISSED without prejudice based on non-exhaustion of claims.

Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations.  A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

                                            *Robert Hayes Scott*
                                            ROBERT HAYES SCOTT
                                            UNITED STATES MAGISTRATE JUDGE